IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

FIREMAN'S FUND INSURANCE COMPANY,
MEDICAL LIABILITY MUTUAL INSURANCE COMPANY
f/k/a HEALTHCARE UNDERWRITERS MUTUAL INSURANCE
COMPANY                                                                              PLAINTIFFS

VS.                                      NO: 2:05CV00072

EVERGREENE PROPERTIES OF
NORTH CAROLINA, LLC                                                          DEFENDANT

## ORDER

Plaintiffs have filed a motion for summary judgment on Defendant's counter-claim. (Docket # 87). Defendant has responded. For the following reasons Plaintiffs' motion will be granted and the counter-claim dismissed.

Plaintiff, Fireman's Fund Insurance Company, later succeeded by Medical Liability Mutual Insurance Company, issued two insurance policies to Defendant for liability in the operations of Defendant's nursing home with effective dates of January 15, 2000 to January 15, 2001. On May 27, 2003 Carl Bibbs filed suit against the nursing home in the Circuit Court of Lee County, Arkansas alleging negligence, breach of contract and violations of the Arkansas Long Term Care Residents Rights Act. Plaintiffs employed counsel to defend the suit and paid all costs associated with the defense. Plaintiffs requested that Defendant contribute to a settlement of the claims of Bibbs and when the Defendant refused, Plaintiffs funded the settlement completely. Plaintiffs now bring this action for reimbursement of some of the settlement amount paid to Bibbs. Defendant counter claims alleging breach of contract and the tort of bad faith.

<u>Standard for Summary Judgment</u>

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the

outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

## Discussion

Defendant's entire counter-claim seems premised on the argument that Plaintiffs had a contractual duty to indemnify and defend the nursing home and that by raising policy defenses there is a breach of contract and evidence of bad faith. Defendant's arguments on these points are unavailing and the Court finds no evidence of either a breach of contract or bad faith.

It is undisputed that Plaintiffs provided a defense to the underlying lawsuit and paid all defense costs related thereto. Further, Plaintiffs fully funded a settlement of the suit following Defendant's refusal to participate in the settlement. Plaintiffs do not seek reimbursement of any defense costs from Defendant. Accordingly, no evidence exists which supports a claim that Plaintiffs breached a duty to defend under the policies.

Plaintiffs' request for Defendant to participate in the settlement or request for reimbursement pursuant to its interpretation of the contracts does not rise to breach of contract. Whether Plaintiffs will succeed on its claims is an issue which is disputed. It is undisputed Plaintiffs fully performed its duties under the policies by defending the nursing home suit and fully funding the settlement. Further, Defendants have offered no evidence of damages resulting from the alleged breach. Defendant argues that its personnel donated substantial time to the defense of the suit but this ignores the fact that the insured has a duty of cooperation and cannot claim a breach of contract for this participation.

The components of the tort of bad faith are affirmative misconduct by an insurer, without a good-faith defense, which is dishonest, malicious, or oppressive in an attempt to avoid liability

under a policy. *Aetna Casualty and Surety Co. v. Broadway Arms Corp.,* 281 Ark. 128, 664 S.W.2d 463 (1984). The tort of bad faith applies to both first and third-party claims. *Id.* The third-party tort of bad faith is the negligent failure of an insurer to settle a third-party claim within policy limits. *Employers Equitable Life Ins. Co. v. Williams,* 282 Ark. 29, 665 S.W.2d 873 (1984). Defendant has failed to present evidence of affirmative misconduct sufficient to support a prima facie case for bad faith. Further, it is undisputed that the Plaintiffs settled the underlying lawsuit within the policy limits. The Court finds no evidence to suggest that Plaintiffs' argument that they are entitled to contribution for a portion of the settlement was made in bad faith. Even if Plaintiffs are ultimately unsuccessful in their attempt to recover, a claim for bad faith cannot be based upon good faith denial, offers to compromise a claim or for other honest errors of judgment by the insurer. *Broadway Arms,* 664 S.W. 2d at 465.

Accordingly, Plaintiffs' motion for summary judgment on Defendant's counterclaim is granted.

IT IS SO ORDERED this 3rd day of January, 2007.

_____
James M. Moody
United States District Judge