# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### HELENA DIVISION


FIREMAN'S FUND INSURANCE COMPANY,
MEDICAL LIABILITY MUTUAL INSURANCE COMPANY
f/k/a HEALTHCARE UNDERWRITERS MUTUAL INSURANCE
COMPANY                                                                          PLAINTIFFS

VS.                                          NO: 2:05CV00072

EVERGREENE PROPERTIES OF
NORTH CAROLINA, LLC                                                    DEFENDANT

## <u>ORDER</u>

Pending is Defendant's motion for summary judgment.  (Docket # 119).  Plaintiffs have

responded.  For the following reasons Defendant's motion is denied.

Plaintiff, Fireman's Fund Insurance Company, later succeeded by Medical Liability

Mutual Insurance Company, issued two insurance policies to Defendant for liability in the

operations of Defendant's nursing home, Crestpark Retirement Inn of Marianna ("Crestpark"),

with effective dates of January 15, 2000 to January 15, 2001 ("Policies").   On May 27, 2003

Carl Bibbs, as administrator of the Estate of Idella Thompson, deceased,  filed suit against the

nursing home in the Circuit Court of Lee County, Arkansas alleging negligence, breach of

contract and violations of the Arkansas Long Term Care Residents Rights Act.  Ms. Thompson's

residence at Crestpark  began on February 3, 2000 and ended on June 30, 2001.  Therefore, as to

Ms. Thompson's residence at Crestpark, coverage was in effect under the Policies from February

3, 2000 to January 15, 2001.

From January 15, 2001 to January 15, 2002, Defendant had in effect a policy issued by

Lexington Insurance Company, however, Lexington denied coverage for this Nursing Home Suit

pursuant to the claims-made coverage provision of its policy and Defendant did not dispute the denial of coverage.

Plaintiffs acknowledge that they have partial coverage of the Nursing Home Suit. Therefore, Plaintiffs assumed the defense of Defendant in the Nursing Home Suit, employed counsel and paid all costs associated with the defense. Plaintiffs requested that Defendant contribute to a settlement of the claims and when the Defendant refused, Plaintiffs funded the settlement completely. Plaintiffs now bring this action for reimbursement of some of the settlement amount paid asserting causes of action for reimbursement/contribution/indemnity; equitable subrogation, and quantum meruit/unjust enrichment. Defendant claims that it is entitled to judgment as a matter of law.

## Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is
> a need for trial -- whether, in other words, there are genuine factual
> issues that properly can be resolved only by a finder of fact because
> they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*,

2

444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a

summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to
> demonstrate, *i.e.*, '[to] point out to the District Court,' that the
> record does not disclose a genuine dispute on a material fact. It is
> enough for the movant to bring up the fact that the record does not
> contain such an issue and to identify that part of the record which
> bears out his assertion. Once this is done, his burden is discharged,
> and, if the record in fact bears out the claim that no genuine dispute
> exists on any material fact, it is then the respondent's burden to set
> forth affirmative evidence, specific facts, showing that there is a
> genuine dispute on that issue. If the respondent fails to carry that
> burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th

Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the

outcome of the suit under governing law will properly preclude the entry of summary judgment.

*Anderson*, 477 U.S. at 248.

Discussion

Defendant claims that the terms and conditions of the policies preclude recovery by

Plaintiffs' first because the settlement was paid voluntarily and Evergreen was not legally

obligated to pay any damages to the Estate of Idella Thompson and second because the policies

do not provide an obligation on Defendant's part to pay a settlement covered under the policy.

The Court finds that the settlement of the underlying Nursing Home Suit was not "voluntary"

because Plaintiffs "faced a tremendous amount of exposure in the event the matter went to trial."

*Jean-Pierre, M.D. v. Plantation Homes*, 350 Ark. 569, 89 S.W.3d 337 (2002) citing *Carpetland*

*of Northwest Arkansas, Inc. v. Howard*, 304 Ark. 420, 803 S.W.2d 512 (1991)( wherein the

Court held that compulsion to pay is not confined to a judgment or court order. The Court stated:

A person legally liable for damages who is entitled to indemnity may settle the claim and recover

over against the indemnitor, even though he has not been compelled by judgment to pay the loss.

. . . Such recovery is subject to proof of liability and the reasonableness of the amount of the

settlement. "). *See also, Emcasco Ins. Co. v. State Auto Property and Casualty Ins. Co.*, 1999

WL 54784 (Ct. App. 1999) ( holding that an insurance company may seek contribution

following a settlement because " [the company] had an interest to protect, and cannot be said to

have voluntarily paid [the underlying plaintiff] since it had an obligation to pay.").

Defendant contends that the policy contains no language obligating it to contribute to any

settlement.  However, the policies state that a claim is covered "only when . . . the providing or

failing to provide professional services occures (sic) during the policy period shown on the

Declarations."  (Ex. 1 to Defendant's motion for summary judgment, p. 4).  The undisputed

policy period was January 15, 2000 to January 15, 2001.  Ms. Thompson's residence at Crestpark

began on February 3, 2000 and ended on June 30, 2001.  Therefore, as to Ms. Thompson's

residence at Crestpark, coverage was in effect under the Policies from February 3, 2000 to

January 15, 2001. To the extent injuries occurred due to the professional services provided

outside this policy period, no coverage existed.  Therefore, Plaintiff is liable for that portion of

the settlement, if any, attributable to those injuries suffered by Ms. Thompson from February 3,

2000 to January 15, 2001 and Defendant is liable for the part of the settlement, if any,  reflecting

payment for the injuries suffered thereafter. *MedMarc Casualty Ins. Co. v. Forest Healthcare,

Inc.*, 359 Ark. 495, 199 S.W. 3d 58 (2004).

Defendant also argues that Plaintiff failed to timely reserve any purported right to

reimbursement or contribution by way of a reservation of rights letter.  On August 4, 2004, Mr.

Tim Celmins, claims representative for MLMIC wrote and faxed a letter to Mr. Daniel Greene, President, Evergreene Properties of North Carolina, requesting that Evergreene reconsider its refusal to contribute to settlement.[1] Mr. Celmins also advised Mr. Greene that Fireman's Fund intended to proceed against Evergreene for contribution to the settlement through legal action. Mr. Greene responded on the same date and stated " if you deem Plaintiff's demand to be a viable settlement, you should settle the case." However, Mr. Greene maintained that the company would not contribute to the settlement. The settlement occurred on August 5, 2004. The Court finds that Evergreene was put on adequate notice of Plaintiffs' reservation of rights and its intent to seek contribution.

Finally, the Court finds that genuine issues of material fact preclude the entry of summary judgment on Plaintiffs' claim for quantum meruit/unjust enrichment.

Accordingly, Defendant's motion for summary judgment, docket # 119, is denied.

IT IS SO ORDERED this 9th day of April, 2007.

_____
James M. Moody
United States District Judge

---

[1] In July, 2004, Mr. Greene told Mr. Stuart Miller that Evergreene would not contribute to a settlement of the Nursing Home Suit.