IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

FIREMAN'S FUND INSURANCE COMPANY,
MEDICAL LIABILITY MUTUAL INSURANCE COMPANY
f/k/a HEALTHCARE UNDERWRITERS MUTUAL INSURANCE
COMPANY                                                                                    PLAINTIFFS

VS.                                    NO: 2:05CV00072

EVERGREENE PROPERTIES OF
NORTH CAROLINA, LLC                                                                DEFENDANT

## ORDER

Pending is Plaintiffs' motion to strike jury trial. (Docket # 135). Defendant has responded and objects to striking the jury. The Court has reviewed the pleadings filed in this matter and concludes that the basic nature of the claims and issues presented in this case are equitable. Plaintiffs bring this action for reimbursement of some of the settlement amount paid in the underlying nursing home litigation asserting causes of action for reimbursement/ contribution/indemnity; equitable subrogation and quantum meruit/unjust enrichment. The issue to be determined in this case is the extent to which Evergreene is liable for the settlement amount paid based upon the time limits of the policies of insurance and the injuries sustained therein. *Medmarc Casualty Ins. Co. v. Forest Healthcare, Inc.*, 359 Ark. 495, 199 S.W. 3d 58 (2004).

Contribution is an equitable doctrine based on the principle of justice between the parties. *Professional Beauty Supply, Inc. v. National Beauty Supply, Inc.*, 594 F. 2d 1179 (8th Cir. 1979), *abrogated on other grounds*, *Titan Oil & Gas, Inc. v. Shipley*, 257 Ark. 278, 517 S.W.2d 210 (1975). Defendant has cited the Court to a case in the First Circuit wherein the court examined the question of contribution/indemnity claims and concluded that, in a tort context, such claims

consist largely of factual issues that are legal in nature and therefore should be decided by juries. *In re N-500l Cases, et. al.*, 691 F. 2d 15(1st Cir. 1982). Even applying this analysis, the Court finds that the allocation between the parties of the settlement amount paid by Plaintiff is an equitable issue for the Court to decide. *See, South Carolina Nat Bank v. Stone*, 749 F. Supp 1419, 1433 (D.S.C. 1990) (finding no right to a jury trial on claims for indemnification and contribution). Additionally, the Court finds the claims for equitable subrogation and unjust enrichment to be equitable claims for the Court to determine. Accordingly, the motion to strike the jury is granted.

IT IS SO ORDERED this 17th day of April, 2007.

James M. Moody
United States District Judge